FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 JUL 18 PM 2: 30
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHRISTOPHER J. STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-089 |
| ) | |
| JESSICA SUE SLUSS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a Georgia resident, has filed an "Emergency Notice of and Petition for Removal" of a child support case in Indiana, Case No. 20D01-0610-JP-00011, a separate complaint, and a motion to proceed *in forma pauperis* with this Court. Docs. 1-3. As plaintiff appears to be indigent, his motion to proceed *in forma pauperis* is granted. The Court must, therefore, evaluate plaintiff's filings to determine whether his action is subject to immediate dismissal as frivolous or legally insufficient. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is currently serving the probation portion of a sentence imposed following an Elkhart, Indiana Superior Court conviction for

failure to support a dependant child. Doc. 1. Plaintiff alleges that because he is indigent, he can no longer afford to travel to Indiana (where defendant resides) for child support hearings, and he fears that he will be remanded to custody by the Indiana state courts if he does so. Id. Furthermore, plaintiff alleges that he has been denied a fair and impartial hearing, as the Indiana state judges are biased against him, and that the state courts have violated the Indiana Child Support Guidelines. Id. Plaintiff further alleges that the Court Appointed Special Advocate (CASA) failed to follow various state court orders and falsified information presented to the court. Id. Plaintiff requests that this Court remove the child support action from the Indiana state court, amend various state court orders to conform with Indiana law, hold an employee of CASA in contempt of court, and grant him a number of rights with regard to the child, including a paternity test and legal custody. Id.

The federal statue governing the removal of cases from state court provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be

> removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending.*

42 U.S.C. § 1441(a)(emphasis added). The state child support proceeding that plaintiff seeks to remove is currently pending in Elkhart, Indiana. Doc. 1. Accordingly, if plaintiff wishes to remove the action to federal court, the geographical component of § 1441(a) requires that he do so in the United States District Court for the Northern District of Indiana, South Bend Division. See Peterson v. BMI Refractories, 124 F.3d 1386 (11th Cir. 1997);[1] see also Hess v. Reynolds, 113 U.S. 73, 81 (1885). Nor has plaintiff complied with the provisions of 28 U.S.C. § 1446 (establishing the procedures for removal), for he has not attached a copy of all process, pleadings, and orders in the state action or demonstrated that he is seeking to remove the action within the 30-day deadline of § 1446(b). But there is no need for this Court or the district court in Indiana to give serious attention to plaintiff's "petition for removal," for his request to remove a state criminal case that previously resulted in his

---

[1] Peterson held that a "failure to comply with the geographical requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case." 124 F.3d at 1394 (emphasis added). But this is not a "removed case" (where a defendant has taken the proper steps to secure removal) but rather involves a petition requesting leave of this Court to allow removal of the Indiana case. Doc. 2.

arrest, service of an eight-month period of detention, and ultimate conviction is clearly frivolous. The federal removal statute contemplates the early removal of a criminal case, 28 U.S.C. § 1446(c)(1), and plaintiff's petition is untimely by many months, is technically deficient, and is in essence a habeas petition in disguise (for it asks this Court to vacate a previously-imposed state conviction and sentence).

Even if the action were pending within the geographical boundaries of the Southern District of Georgia, this Court lacks original jurisdiction of the matter. "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations" and so "generally dismiss cases involving . . . child custody, visitations rights, establishment of paternity, [and] child support . . ." Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988) (citing Crouch v. Crouch, 566 F.2d 486 (5th Cir. 1978)). "The reasons for federal abstention in these cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." Crouch, 566 F.2d at 487. Under this so-called "domestic relations

4

exception" to diversity of citizenship jurisdiction, this Court should abstain from addressing this action. See Kirby v. Mellenger, 830 F.2d 176, 177-178 (11th Cir. 1986); see also Jagiella v. Jagiella, 647 F.2d 561, 564 n.11 (5th Cir. Unit B June 1981) (noting debate over whether domestic relations exception to diversity jurisdiction results from policy of abstention or from lack of statutorily granted jurisdiction).

Insofar as plaintiff is alleging a violation of his due process rights, the federal courts do not act as appellate courts over state tribunals. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). In those cases, "the Supreme Court held that a federal district court may not review the final decisions of a state court of competent jurisdiction. Such review rests solely in the United States Supreme Court." Liedel v. Juvenile Court of Madison County, 891 F.2d 1542, 1545 (11th Cir. 1990); Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions."). Even an allegation that the state court action was unconstitutional gives the district court no jurisdiction over a challenge to a state-court decision. Feldman, 460 U.S. at 486; see Haggerty v. Clement, 749 F.2d 217 (5th Cir. 1984)

(district court lacked jurisdiction to review claim that state court had denied plaintiff his right to due process). Thus, the plaintiff may not seek a reversal of the state court judgment by casting his complaint in the form of a civil rights action. Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court."). If plaintiff is dissatisfied with the result in state court, he must exercise his rights to state review, if any.

Even if the Court had jurisdiction to address the merits of this case, it should abstain from doing so under the Younger abstention rule. Younger v. Harris, 401 U.S. 37 (1971); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) ("Although Younger concerned state criminal proceedings, its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'"). "This 'settled law,' intended to preserve the independence of our concurrent judicial systems, requires 'sensitive consideration of ongoing proceedings in state courts' and 'that a federal court "tread lightly" when a state proceeding is already underway.'" The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1508 (11th Cir. 1991) (quoting Blalock v.

United States, 844 F.2d 1546, 1549 (11th Cir. 1988) (per curiam); Merrill Lynch, Pierce, Fenner & Smith v. Haydu, 675 F.2d 1169, 1173 (11th Cir. 1982)).

Accordingly, this action should be DISMISSED and plaintiff's petition for removal DENIED. See Adams v. Florida, 185 Fed. Appx. 816, 817 (11th Cir. 2006)(unpublished) (affirming the dismissal of a 42 U.S.C. § 1983 complaint seeking to enjoin a civil contempt finding in child support enforcement case under the Younger doctrine).

**SO REPORTED AND RECOMMENDED** this _18th_ day of **July, 2007.**

                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHRISTOPHER J. STEPHENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV407-089 |
| JESSICA SUE SLUSS, | ) |
| Defendant. | ) |

## ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHRISTOPHER J. STEPHENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV407-089 |
| JESSICA SUE SLUSS, | ) |
| Defendant. | ) |

## ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2007.

B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA